1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ERNESTO NODA PULIDO,                    No. 2:15-CV-0749-CMK-P

12                 Plaintiff,

13          vs.                                      <u>ORDER</u>

14   EDMUND G. BROWN, et al.,

15                 Defendants.

16   _____/

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C.

19   § 636(c) and no other party has been served or appeared in the action.

20          On July 6, 2015, the court directed plaintiff to resolve the fee status for this case

21   within 30 days of the date of the order.  Plaintiff was warned that failure to comply may result in

22   dismissal of this action for lack of prosecution and failure to comply with court orders and rules.

23   <u>See</u> Local Rule 110.  To date, plaintiff has not complied by either paying the full filing fee or

24   filing a complete application for leave to proceed in forma pauperis.  Specifically, despite

25   repeated opportunities to do so, plaintiff has failed to provide the court with a <u>certified</u> copy of

26   his prison trust account statement as required by statute.

                                              1

1    The court must weigh five factors before imposing the harsh sanction of

2    dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

3    U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

4    interest in expeditious resolution of litigation; (2) the court's need to manage its own docket;

5    (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

6    their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

7    46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

8    appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

9    See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

10    appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

11    1423 (9th Cir. 1986).

12    Here, plaintiff's failure to resolve the fee status for this case renders it impossible

13    to proceed.  Thus, plaintiff has thwarted the public's interest in an expeditious resolution to the

14    litigation on the merits, as well as the court's interest in managing its docket.  These factors

15    weigh in favor of dismissal as an appropriate sanction.

16    Accordingly, IT IS HEREBY ORDERED that:

17    1.    This action is dismissed without prejudice;

18    2.    Plaintiff's motion for appointment of counsel (Doc. 15) is denied as moot;

19    and

20    3.    The Clerk of the Court is directed to enter judgment and close this file.

21

22    DATED:  January 11, 2016

23

24    **CRAIG M. KELLISON**
      UNITED STATES MAGISTRATE JUDGE

25

26